IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAR PHARMACEUTICAL, INC. and<br>ALKERMES PHARMA IRELAND LTD | : <br> : <br> : | |
| v. | : <br> : | Civil No. CCB-11-2466 |
| TWi PHARMACEUTICALS, INC. | : <br> : | |

**MEMORANDUM**

Plaintiff Par Pharmaceutical, Inc. and Alkermes Pharma Ireland, Limited (collectively, "Par") filed suit in September 2011 against TWi Pharmaceuticals, Inc. ("TWi") alleging infringement of U.S. Patent 7,101,576 ("the '576 patent"). Following a bench trial in October 2013 and post-trial briefing, this court issued a ruling on February 21, 2014 ultimately concluding the '576 patent was invalid as obvious. Par filed a notice of appeal to the Federal Circuit, and on August 12, 2014, this court granted an injunction barring TWi from marketing or selling its generic version of Par's Megace ES medication until the appeal was resolved. (*See* Memorandum and Order, ECF Nos. 257, 258.) A $10 million bond was required.

On December 3, 2014, the Federal Circuit reversed and remanded, summarizing its rulings as follows:

> Although we agree with the district court's analysis and conclusions on motivation to combine, reasonable expectation of success, and objective indicia of nonobviousness, we vacate the district court's judgment that the '576 patent is obvious, and remand for further analysis of the food effect limitation consistent with our precedent on inherency. The district court should also consider TWi's other grounds for invalidity, such as enablement, if necessary.

*Par Pharm., Inc. v. TWi Pharms., Inc.*, 773 F.3d 1186, 1200-01 (Fed. Cir. 2014). A briefing schedule has been set for the parties to address those issues over the next two months. Further, Par has filed a motion for temporary restraining order and preliminary injunction, which TWi has

1

opposed.[1]  For the reasons stated below, the motion will be granted as to the preliminary injunction, on the condition that Par post a $6 million bond.

The court will apply the same analysis as reflected in its earlier Memorandum, which is incorporated herein by reference, while considering the parties' arguments about any circumstances that have changed.  First, given the Federal Circuit's disagreement with the court's inherency analysis, Par's likelihood of success has increased.  Second, Par continues to provide persuasive evidence that it will suffer irreparable harm to its branded division, Strativa, were TWi's generic product to launch.  (Supp. Decl. Ameres ¶¶ 3-7, ECF No. 272.)  While Strativa's revenue from Megace ES apparently has declined, (Def.'s Opp'n Ex. 2, Boghigian Decl. ¶¶ 14, 16, ECF No. 274-2), it still constitutes a substantial part of Strativa's income.  (Supp. Decl. Ameres ¶ 8.)  Third, while TWi will likely suffer some harm from the delay to the launch of its generic drug caused by an injunction, (Boghigian Decl. ¶¶ 25-26), that harm is mitigated by the fact that the issues on remand are likely to be resolved in the next three to four months.  Further, any harm to TWi is more easily remedied by money damages than is the potential harm to Par.  Finally, the public interest remains neutral, for the reasons explained in the earlier Memorandum.

Regarding the amount of the bond, the court finds that an additional amount of $6 million will sufficiently cover any harm to TWi from the anticipated delay of approximately three to four months.  (Boghigian Decl. ¶ 42.)  A separate Order follows.

| | |
|---|---|
| March 9, 2015 | /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] The motion for a TRO is moot, as TWi graciously agreed to wait until March 9, 2015 for this court to rule on the injunction.