IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAR PHARMACEUTICAL, INC. and : \
ALKERMES PHARMA IRELAND LTD :
:
    v. :     Civil No. CCB-11-2466
:
TWi PHARMACEUTICALS, INC. :
:

## MEMORANDUM

Plaintiff Par Pharmaceutical, Inc. and Alkermes Pharma Ireland, Limited (collectively, "Par") filed suit in September 2011 against TWi Pharmaceuticals, Inc. ("TWi") alleging infringement of U.S. Patent 7,101,576 ("the '576 patent"). After a bench trial, the court concluded in a ruling issued on February 21, 2014 that the '576 patent was invalid as obvious. On appeal, the Federal Circuit reversed this court's judgment and remanded the case "for further analysis of the food effect limitation consistent with [the Federal Circuit's] precedent on inherency." *Par Pharm., Inc. v. TWi Pharms., Inc.*, 773 F.3d 1186, 1200 (Fed. Cir. 2014). On remand, and after oral argument, the court concluded in a ruling issued on July 28, 2015 that the '576 patent was (again) invalid as obvious, and that it was also invalid for lack of enablement. (*See* Mem. & Order, ECF Nos. 304-05.) That same day, Par noted an appeal to the Federal Circuit. Also that day, Par moved for an injunction pending appeal (or an injunction pending Par's request for an injunction from the Federal Circuit), and a temporary restraining order until the court's resolution of Par's motion.[1] TWi opposed this motion. For the reasons stated below, the court will deny Par's motion for an injunction pending appeal.[2]

---

[1] Unlike before, Par asked the court to enjoin TWi not only from "making, using, offering to sell, selling, or importing a generic version" of Megace ES, but also to "take all actions within its power to retrieve products already shipped and stop further distribution of materials that have been shipped." (Par TRO Mot. 2, ECF No. 307.)

[2] Accordingly, the motion for a TRO is moot.

The court will apply the same analysis as reflected in its earlier Memoranda, which are incorporated herein by reference, while considering the parties' arguments about any circumstances that have changed.

Par's likelihood of success remains about the same as before. On one hand, the court has concluded that the '576 patent is invalid on an additional, independent basis. On the other—while the court stands by its most recent judgment—it also recognizes that the case involves close calls, and that the Federal Circuit reviews *de novo* this court's legal conclusions on obviousness and enablement.

The public interest factor likewise remains neutral, for the reasons explained before.

But Par is now less likely to be irreparably harmed absent an injunction. By opting to begin selling an authorized generic version of Megace ES, Par—and not TWi—created the very risk of price erosion it fears.[3] Moreover, the share of Par Specialty's revenues derived from Megace ES continues to decline as Nascobal revenues increase. (*See* TWi Opp'n Ex. A, Par Form 10-Q for Quarter Ending March 31, 2015, at 40, ECF No. 310-1 (indicating that, as of March 31, 2015, Nascobal constituted more than 50%, and Megace constituted less than 40%, of Par Specialty's revenue).) In fact, Par's revenue from Megace ES shrunk by 38.8% this last fiscal year. (*See id.*) Endo Pharmaceuticals is also imminently buying Par. (*See* Par TRO Mot. Ex. 1, Par Press Release, ECF No. 307-3.) In view of these changes, the court concludes Par can no longer show that its branded division, Par Specialty, would collapse absent an injunction.[4]

TWi, on the other hand, is now more likely to be harmed by an injunction. The market

---

[3] The court recognizes that Par made this decision "in response" to TWi's decision to begin selling its own generic drug. (ECF No. 308, at 1.) At the same time, Par could have taken—but did not take—steps earlier in the process to prevent TWi from being able to ship product as soon as the court issued its judgment. Par could have, for instance, communicated with TWi regarding this issue, or moved the court to prevent TWi from doing what it did (and was entitled to do) were the court to issue judgment in TWi's favor (as it did).

[4] This possibility was a central reason for the court's previous irreparable harm findings. (*See, e.g.*, Mem. 6, ECF No. 257 ("Par has presented evidence that it would suffer more than just lost revenue. . . . [T]he lost revenue will likely force its entire branded division . . . to shut down.").)

for Megace ES continues to wither; while monthly Megace ES prescriptions sold once exceeded 19,000 in September 2009, that number has plunged below 3,500 as of April 2015.  (*See* TWi Opp'n Ex. B, Megace ES Sales Figures, at 3, 9, ECF No. 310-2.)  Forcing TWi to wait even longer than the 11 months it has already waited since receiving FDA approval would increase the likelihood TWi would derive *no* revenue—and not merely *delayed* revenue—from its generic product.  By then, a 180-day exclusivity period would have greatly reduced value to TWi.  Meanwhile, Par, by virtue of having launched its own generic, will have had the time to establish itself in the market for generic Megace ES.  In sum, TWi is now more likely to suffer harm that could not be adequately compensated later were the court to enter an injunction pending appeal.[5]

The balance of the four factors now tips in TWi's favor, and the court finds that an injunction pending appeal is not warranted at this time.  Accordingly, the court will deny Par's motion.

A separate Order follows.

July 30, 2015                               /s/
Date                                        Catherine C. Blake
                                            United States District Judge

---

[5] Even assuming an accurate lost profits amount could be calculated, TWi would still forego an opportunity to simply be a player in the market, where it could build its reputation, and generate goodwill through, its product.